## Case No. 8,194.

### LEE v. LEE.

[4 Cranch, C. C. 643.] 1

Circuit Court, District of Columbia. Nov. Term, 1835.

SLAVERY — DISTRICT OF COLUMBIA — TEMPORARY HIRING FROM VIRGINIA—ACT JUNE 24, 1812.

1. A temporary hiring of Virginia slaves in the county of Alexandria, D. C., with intent to evade the law in the county of Washington against the importation of slaves into this county, will not authorize the owner, residing in Washington, to bring them into the county of Washington to reside therein.

2. The ninth section of the act of congress of the 24th of June, 1812 [2 Stat. 755], does not authorize an inhabitant of Washington, owning slaves in Alexandria, to remove them to Washington.

Petition for freedom [by Sam Lee and Barbara Lee against Elizabeth Lee]. Upon the trial of this cause on the venire de novo ordered by the supreme court of the United States at its January term, 1834. 8 Pet. [33 U. S.] 44. This court, at the prayers of the petitioners' counsel, instructed the jury that if they believe, from the evidence, that the petitioners were the slaves of R. B. Lee, deceased, in the state of Virginia, from whence he removed with his family to Washington county, D. C., where he continued to reside till his death; that in 1820 the petitioners who continued to reside, as his slaves, in Virginia, were by him brought to Alexandria

1 [Reported by Hon. William Cranch, Chief Judge.]

county, and thence removed by him to Washington county to reside, Barbara, in about a year from her coming from Virginia, and Sam in a period of four or six months, and have since resided in the said county of Washington; then, from the said facts, the jury must find for the petitioners, if they shall believe, from the said evidence, that the bringing of the said slaves to Alexandria county was merely colorable, and with intent to evade the law prohibiting the direct importation of slaves from Virginia to the county of Washington to reside therein. And, at the prayer of the defendant's counsel, further instructed the jury that an intent to evade the law, as supposed in the foregoing instruction, ought not to be presumed without proof; and that the burden of proving such intent is on the petitioners; and it is left to the jury to weigh the whole evidence in the cause, and decide whether it be sufficient to prove such intent.

The defendant's counsel then prayed the court to instruct the jury, in effect, that if Mr. R. B. Lee, being an inhabitant of Washington county, and owner of the petitioners, in Virginia, in 1820 removed them from Virginia to Alexandria, bona fide, and without intent to evade the law prohibiting the direct importation from Virginia to Washington county, and hired them out there, one for one year and upwards, and Sam for five or six months, and, after their said terms of service, removed them from Alexandria county to Washington county, whereof he continued to be an inhabitant, then such removal from Alexandria to Washington was lawful.

But THE COURT (MORSELL, Circuit Judge, dissenting) refused to give the instruction; being of opinion that an inhabitant of Washington county could not, under the ninth section of the act of congress of the 24th of June, 1812 (2 Stat. 755), remove his slaves from Alexandria county to Washington county; he not being an inhabitant of the county in which the slaves were, and possessing them therein.

The verdict was for the defendant; and THE COURT refused to grant a new trial, which was moved for on the ground that the verdict was against the law and the evidence in the case.